CERVONI, DEMANDANTE Y APELADO, *v.* SIERRA, DEMANDADO
Y APELANTE.

No. 3172.—*Visto:* Mayo 21, 1924. *Resuelto:* Junio 6, 1924.

EXCEPCIÓN PREVIA—NOTIFICACIÓN DE LA DECISIÓN RESOLVIÉNDOLA; CUÁNDO Y
CÓMO DEBE HACERSE.—Cuando se declara con lugar una excepción previa y
la decisión no se anuncia en presencia de las partes o de sus abogados, deberá
el Secretario de la corte notificarla enviando a la parte perjudicada o a su
abogado un aviso por correo dentro de cinco días de dictada. La ley no fija
una fórmula especial para el aviso: Podrá éste consistir en un documento
que transcriba la resolución o sentencia, o que contenga la simple mani-
festación de que la sentencia o la resolución fué dictada. Si se concediere
tiempo para enmendar la alegación o contestar, el término comenzará a
contarse desde la fecha en que se una a los autos la copia del indicado
aviso.

SENTENCIA EN REBELDÍA.—Cuando el demandado no contesta dentro del término
concedídole por la corte al declarar sin lugar una excepción previa a la de-
manda por él mismo formulada, procede anotar su rebeldía y dictar sentencia
de acuerdo con la ley.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la
demanda, sin costas. *Confirmada.*

*A. Aponte, Jr.,* abogado del apelante; *L. Pereyó, Jr.,* y *el propio
apelado,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Francisco Cervony Gely, un abogado que ejerce su pro-
fesión en Humacao, P. R., demandó a Celestino Sierra en
reclamación de seiscientos dólares. El demandado excep-
cionó la demanda y la excepción fué declarada sin lugar
concediéndosele diez días para contestar. No lo hizo y su
rebeldía fué anotada, dictándose sentencia en contra suya
por la suma de trescientos dólares. Conviene hacer constar
que el caso fué llamado para la vista previa su inclusión en
el Calendario y que la sentencia fué dictada habiendo la parte
demandante presentado prueba.

No conforme con la sentencia el demandado apeló para
ante esta Corte Suprema señalando en su alegato un solo
error, así:

"La Corte de Distrito de Humacao erró al dictar sentencia en

rebeldía, ya que ni el Secretario de dicha corte tenía jurisdicción para anotar la expresada rebeldía, ni el tribunal *a quo* para pronunciar su sentencia.''

Invoca el apelante el artículo 142 *a* del Código de Enjuiciamiento Civil, tal como quedó modificado por ley de 11 de marzo de 1915 y sostiene que el record demuestra el no cumplimiento por el secretario del precepto de ley invocado.

La ley dice:

''Art. 142*a*.—En todo caso en que se declare con o sin lugar una moción para eliminar o una excepción previa para cualquier alegación y no se anunciare la decisión en presencia de las partes o de sus abogados, será el deber del secretario de la corte enviar por correo un aviso por escrito a la parte perjudicada o a su abogado, dentro de cinco días contados desde la fecha de dicha decisión, notificándole ésta, y la copia de dicho aviso se unirá a los autos del caso y el tiempo dentro del cual debe enmendar o contestar, si para ello se concediere permiso, se empezará a contar desde la fecha en que se una a los autos el antedicho aviso.''

Y lo que consta en la transcripción de los autos certificada por el mismo secretario, es lo que sigue:

''DISTRITO JUDICIAL DE HUMACAO, P. R.

EN LA CORTE DE DISTRITO.

''Francisco Cervoni Gely, *vs.* Celestino Sierra.   Civil No. 8936.

Cobro de Honorarios.

RESOLUCIÓN.

''Considerada la excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción, se declara sin lugar y se concede al demandado el término de diez días para contestar.

''Humacao, P. R., julio 19 de 1923.

''(Fdo.)     Pablo Berga,
''Juez del Distrito.

''Copias de la anterior resolución remitidas a F. Cervoni Gely y

Arturo Aponte, Humacao, P. R., abogados de las partes, hoy 19 de julio de 1923.

"A. Ramírez, Jr.,
"Sec. Corte Distrito.

"Por: (Fdo.)    Luis A. Cuevas,
"Sec. Auxiliar.

"Radicado julio 19, 1923.

"A. Ramírez, Jr.,
"Sec. Corte Distrito.

"Por: (Fdo.)    Luis A. Cuevas,
"Sec. Auxiliar."

¿Cumplió el secretario con el deber que la ley le impone? En su alegato la parte apelante sólo transcribe la constancia del secretario y sostiene que dicho funcionario jamás agregó a los autos el aviso.

La ley no fija una fórmula especial para el aviso. Puede consistir en un documento redactado por el secretario transcribiendo la resolución o sentencia, o dando simplemente aviso de su existencia. Puede limitarse al envío de una copia de la resolución o sentencia que se notifica.

Si la constancia del secretario se examina en relación con la resolución que la precede y con la nota de radicación que la sigue, puede concluirse que se adoptó aquí la última fórmula y que sustancialmente aparece de los autos que la ley fué cumplida.

Bajo esas circunstancias y teniendo en cuenta que la misma parte apelante en su alegato se refiere al hecho de haber solicitado la apertura de la rebeldía sin éxito lo que implica una consideración de los hechos por parte de la corte sentenciadora, no creemos que proceda la revocación de la sentencia recurrida.

*Se confirma la sentencia apelada.*